J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Symantec Corporation

William Pinkus (SBN 43036)
*w_p@pacbell.net*
9094 Old Redwood Highway
Cotati, California 94931
Telephone: (707) 795-3884

Attorney for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Symantec Corporation,<br><br>        Plaintiff,<br>v.<br><br>Joshua McClymonds and Does 1 through 10, inclusive,<br><br>        Defendants. | Case No.: C08-0699 JF<br><br>JOINT CASE MANAGEMENT STATEMENT |

    The parties to the above-entitled action (the "Parties") submit this Joint Case Management Statement and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

/ / /

/ / /

/ / /

Symantec v. McClymonds, et al.: Joint Case Management Statement    - 1 -

## JOINT CASE MANAGEMENT STATEMENT

1. <u>Jurisdiction and Service</u>

<u>Jurisdiction</u>: The claims alleged herein arise under the Trademark Act, 15 U.S.C. § 1051, et seq., and under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., for trademark and copyright infringement. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 1332, and 1338. This Court has personal jurisdiction over the Defendant because he does business in the district. The events giving rise to the claims alleged herein occurred, among other places, within this judicial district. Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(a).

<u>Service</u>: Dennis Gross has appeared and is defending the action in response to service upon the named defendant Joshua McClymonds. Plaintiff proposes to file an amended Complaint adding Mr. Gross as a defendant.

2. <u>Facts</u>

Plaintiff Symantec Corporation ("Plaintiff" or "Symantec") seeks money damages and injunctive relief against Defendant Joshua McClymonds and Dennis Gross, the individual claiming responsibility (collectively "Defendants"), for infringing Plaintiff's copyrights and trademarks. In particular, Plaintiff alleges that Defendants were responsible for the distribution, promotion and sale of unauthorized computer software, containing copies of Plaintiff's computer programs, and selling them over eBay.

Defendant Dennis Gross denies that Joshua McClymonds was involved in any of the activities associated with the eBay account and activities alleged in the complaint. Defendant Gross denies selling unauthorized computer software.

/ / /

/ / /

3. <u>Legal Issues</u>

Plaintiff identifies Defendants' willfulness and the extent of Defendants' profits as the principal issues in the case.

Defendants will argue that the copyright holder, Symantec, does not have the right to control change of ownership of particular copies of software that have been sold by Symantec. Defendants also will argue that the plaintiff's attorneys are improperly seeking to use discovery in this case to fish for facts establishing infringement actions against this defendant by other software producers who are clients of these attorneys' but who are not parties to this action.

4. <u>Motions</u>

There are no prior or pending motions. Plaintiff believes a motion for summary judgment as to liability and/or entry of a preliminary injunction may be appropriate.

5. <u>Amendment of Pleadings</u>

The Parties have agreed to stipulate to the amending of the Complaint in order to add Dennis Gross, the individual who answered the complaint and who claims responsibility for the underlying conduct of the complaint, as a defendant. Plaintiff also believes that information disclosed in discovery may make addition of new parties prudent and a more efficient use of the Court's resources, so the Parties propose that the last day to amend the pleadings and the last day to join additional parties shall be 90 days from the date of the case management conference.

6. <u>Evidence Preservation</u>

The Parties have discussed discovery and preservation of electronically stored information.

7. <u>Disclosures</u>

The Parties agree that the required disclosures under Rule 26(a)(1) will be made on or before the case management conference.

///

8.  Discovery

The Parties have not propounded any discovery as of the early meeting of counsel. The Parties anticipate propounding written discovery, subpoenas to third parties and taking depositions. The Parties do not believe that discovery should be conducted in phases or limited to or focused only upon particular issues.

The Parties propose that discovery be completed by the proposed discovery cut-off dte of November 7, 2008, or any other discovery cut-off date the Court may set.

The Parties do not propose any other changes in the limitations on discovery beyond those already contained in the Federal Rules and the Local Rules.

9.  Class Actions

Not applicable.

10. Related Cases

Not applicable.

11. Relief

Plaintiff contends it may elect statutory or actual damages but is not prepared to make that election at this time. In any event, Plaintiff will seek entry of a permanent injunction.

Defendants contend that there are not sufficient grounds for injunctive relief because there was no infringement and also because Defendant Gross ceased selling any software upon learning of this lawsuit.

12. Settlement and ADR

Settlement: The Parties have discussed settlement preliminarily during and before their early meeting.

ADR Plan: The case has been assigned to the ADR Multi-Option Program. The Parties believe that Court sponsored Mediation may be beneficial.

The Parties have filed ADR Certifications attesting to those matters set forth at ADR Local Rule 3-5(b).

13. Consent to Magistrate Judge for All Purposes

The Parties do not consent to assignment of this case to a United States Magistrate Judge for Trial.

14. Other References

The Parties do not believe the case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

At this time the Parties have yet to identify issues that can be narrowed by agreement or by motion for purposes of trial.

16. Expedited Schedule

The Parties believe that the legal issues are sufficiently complex such that this case is not appropriate to being handled on an expedited basis with streamlined procedures.

17. Scheduling

The Parties propose an expert designation deadline consistent with the federal rules.

The Parties propose a fact discovery cut-off date of November 7, 2008, by which time all fact discovery shall be concluded.

The Parties propose that all motions, including dispositive motions, be heard not later than January 30, 2009.

The Parties propose a pretrial conference date of March 27, 2009.

The Parties propose a trial date of April 10, 2009.

///

///

18. <u>Trial Estimate</u>

The Parties have requested a trial by jury. They estimate a trial of approximately four (4) or five (5) court days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

The Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and would also like to identify the Software & Information Industry Association (SIIA) as an interested non-party to the case.

20. <u>Other Issues</u>

The Parties did not identify any other issues affecting case management.

Dated: May 9, 2008                     J. Andrew Coombs, A Professional Corp.

                                       By:  /s/ J. Andrew Coombs
                                            J. Andrew Coombs
                                            Annie S. Wang
                                       Attorneys for Plaintiff Symantec Corporation

Dated: May 9, 2008                     William Pinkus, Esq.

                                       By:  /s/ William Pinkus
                                            William Pinkus
                                       Attorney for Defendants

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On March 13, 2008, I served on the interested parties in this action with the:

- **JOINT CASE MANAGEMENT STATEMENT**

- **STIPULATION AND [PROPOSED] ORDER SELECTING ADR PROCESS**

for the following civil action:

<u>Symantec Corporation v. Joshua McClymonds, et al.</u>

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

William Pinkus, Esq.
9094 Old Redwood Hwy
Cotati, California 94931

Place of Mailing: Glendale, California
Executed on May 9, 2008, at Glendale, California

_____
Nicole L. Drey