J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:     (818) 500-3200
Facsimile:     (818) 500-3201

Attorneys for Plaintiff Symantec Corporation

William Pinkus (SBN 43036)
*w_p@pacbell.net*
9094 Old Redwood Highway
Cotati, California 94931
Telephone:     (707) 795-3884

Attorney for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Symantec Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>Joshua McClymonds, and Does 1-10,<br><br>            Defendants. | Case No. C08-0699 JF<br><br>JOINT STIPULATION TO AMEND COMPLAINT AND PROPOSED ORDER |

IT IS HEREBY STIPULATED by and between the parties hereto, Plaintiff Symantec

Corporation ("Plaintiff"), through its attorneys of record, and Defendant Joshua McClymonds

("Defendant"), through his attorney of record, that leave may be granted to Plaintiff to file a First

SYMANTEC V. MCCLYMONDS: STIPULATION TO AMEND     - 1 -

Amended Complaint, a copy of which is attached hereto, the purpose of which is to identify and name Doe No. 1;

IT IS FURTHER STIPULATED that Doe No. 1 is identified as Dennis Gross;

IT IS FURTHER STIPULATED that the First Amended Complaint is deemed to be served upon Defendant on the date this stipulation is approved and that the Defendants shall have until July 1, 2008, to file and serve their answer to the First Amended Complaint.

Dated: ___June 3_____, 2008     J. Andrew Coombs,
                                   A Professional Corporation

                                   By: ___/s/ J. Andrew Coombs_____
                                        J. Andrew Coombs
                                        Annie Wang
                                   Attorneys for Plaintiff

Dated: ___June 3_____, 2008     William Pinkus, Esq.

                                   By: ___/s/ Willaim Pinkus_____
                                        William Pinkus, Esq.
                                   Attorney for Defendants


IT IS SO ORDERED:


DATED:
                                   _____
                                   Hon. Jeremy Fogel
                                   Judge, United States District Court, Northern District of California

SYMANTEC V. MCCLYMONDS: STIPULATION TO AMEND                - 2 -

J. Andrew Coombs (SBN 123881)
Annie S. Wang (SBN 243027)
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California  91206
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

andy@coombspc.com
annie@coombspc.com

Attorneys for Plaintiff
Symantec Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Symantec Corporation, | Case No. C08-0699 JF |
| Plaintiff, | COMPLAINT FOR COPYRIGHT INFRINGEMENT AND TRADEMARK INFRINGEMENT |
| v. | |
| Joshua McClymonds, Dennis Gross, and Does 2 – 10, inclusive, | DEMAND FOR A JURY TRIAL |
| Defendants. | |

Plaintiff Symantec Corporation ("Symantec") for its Complaint alleges as follows:

## I. **Introduction**

1.  Symantec brings this action as a result of Defendants' systematic, unauthorized copying and distribution of Symantec's software products through sales on the eBay online auction site. Defendants' actions, commonly known as software piracy, are willful and cause substantial damage to Symantec and to the software industry.

2.  Symantec is a global leader in developing and providing security and performance enhancing software for computers. Its products and services protect computers and networks from malicious threats such as viruses, spoofing, intrusion by "hackers" and thieves, and unwanted interruptions such as spam. The security software industry is competitive, and Symantec undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers. Software piracy, including piracy on eBay, undermines Symantec's investment and creativity, and misleads and confuses consumers.

3.  Defendants, through usernames including "mcclymonds2006" and, on information and belief, other aliases, have made, offered for sale, sold, and distributed unauthorized copies of

Symantec v.  McClymonds, et al.: Complaint (Copyright and Trademark) - 1 -

Symantec software (the "Unauthorized Software Product") including at least the following products: pcAnywhere 11.0 Host and Remote, pcAnywhere 10.5 Host and Remote and Norton Utilities 8.0 for Macintosh (collectively "Symantec Software").  Additional Doe defendants – whose identities will be determined in discovery – support, assist, supervise and/or supply Defendants in these illegal activities.  Symantec owns registered United States copyrights and trademarks including but not limited to the foregoing products and their associated marks, respectively.

4. Defendants' activities constitute willful copyright infringement and willful trademark infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. (the "Copyright Act.") and the Lanham Trademark Act, as amended, 15 U.S.C., § 1051, *et seq.* (the "Lanham Act").  Symantec requests an injunction, and that Defendants pay damages, costs, and attorneys' fees.

## II. Jurisdiction and Venue

5. The Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and § 1338(a).

6. The events giving rise to the claims alleged herein occurred, among other places, within this judicial district.  Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(a).

## III. The Parties

### A. Plaintiff Symantec and Its Products

7. Symantec is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Cupertino, California.

8. The Symantec Software is copyrightable subject matter, and Symantec owns exclusive rights under the Copyright Act to reproduce and distribute to the public copies of Symantec Software in the United States.  A list of registrations including but not limited to the Symantec Software is attached hereto as Exhibit A ("Symantec's Copyrights").

9. Products manufactured and sold by Symantec bear Symantec's trademarks, including without limitation, the GHOST, GOBACK, NORTON, PCANYWHERE, and SYMANTEC trademarks (collectively "Symantec's Trademarks").  Symantec uses Symantec's Trademarks on computer software as indicia of Symantec's high quality products.  Each year Symantec expends significant resources to develop and maintain the considerable goodwill it enjoys in Symantec's Trademarks and in its reputation for high quality.

10. Symantec has secured registrations for Symantec's Trademarks, all of which are valid, extant and in full force and effect. Symantec's Trademarks are exclusively owned by Symantec. A non-exhaustive list of registrations is attached hereto as Exhibit B. Symantec, or its predecessors in interest, has continuously used each of Symantec's Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

11. As a result of advertising and sales, together with longstanding consumer acceptance, Symantec's Trademarks identify Symantec's products and authorized commercial distribution of these products. Symantec's Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world. Symantec's Copyrights and Symantec's Trademarks are collectively referred to herein as "Symantec's Intellectual Properties."

**B.     Defendants**

12. Defendant Joshua McClymonds ("McClymonds") is an individual. Symantec is informed and believes that McClymonds is a resident of Petaluma, California. McClymonds does business under the eBay user ID "mcclymonds2006." Other aliases or eBay user IDs will be determined in discovery. McClymonds, through his online identity or identities, does business in California through sales and distribution of the Unauthorized Software Product in the State of California, among other places.

13. Defendant Dennis Gross ("Gross") is an individual. Symantec is informed and believes that Gross is a resident of Petaluma, California. Gross does business under the eBay user ID "mcclymonds2006." Other aliases or eBay user IDs will be determined in discovery. McClymonds, through his online identity or identities, does business in California through sales and distribution of the Unauthorized Software Product in the State of California, among other places.

14. Upon information and belief, Does 1 – 10 are either entities or individuals who are subject to the jurisdiction of this Court. Upon information and belief, Does 1 – 10 are principals, supervisory employees, or suppliers of one or other of the named defendants or other entities or individuals who are, in this judicial district, manufacturing, distributing, selling and/or offering for sale merchandise without authorization that infringes Symantec's Intellectual Properties. The identities of the various Does are unknown to Symantec at this time. The Complaint will be amended to include the names of such individuals when identified. McClymonds, Gross, and Does 1 – 10 are collectively referred to herein as "Defendants."

**IV.    Defendants' Infringing Activities**

15.    Defendants use, among other things, the Internet auction site known as eBay to sell and distribute products, including pirated copies of software, to consumers. At any given time, there are millions of items listed on eBay for bid or purchase by its more than one hundred million (100,000,000) registered users. Buyers have the option to purchase items in an auction-style format or items can be purchased at a fixed price through a feature called Buy it Now. Through the eBay "feedback" feature, buyers and sellers may (but are not required) to post positive, neutral or negative "feedback" or comments on their purchase and sale experience. While feedback can give some indication of sales volume, actual sales may far exceed the number of feedback entries a seller receives.

16.    Among Defendants' products offered for sale and sold on eBay, and distributed to purchasers, are unauthorized copies of Symantec Software. On information and belief, Defendants or their agents made such copies. Symantec has not authorized Defendants or their agents to make or distribute copies of the Symantec Software. Indeed, Symantec has not licensed Defendants to distribute its software, period.

17.    Defendants also use images confusingly similar or identical to Symantec's Trademarks, to confuse consumers and aid in the promotion of their unauthorized products. Defendants' use of Symantec's Trademarks includes importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of the Symantec Software. Defendants' use began long after Symantec's adoption and use of Symantec's Trademarks, and after Symantec obtained the copyright and trademark registrations alleged above. Neither Symantec nor any authorized agents have consented to Defendants' use of the Symantec Trademarks.

18.    Defendants have, through over a thousand sales, obtained a substantial "feedback rating" through the eBay feedback system. This feedback rating, obtained essentially through Defendants' illegal activities, may further confuse consumers and aid in even wider distribution of unauthorized copies of the Symantec Software

19.    Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the unauthorized copies of the Symantec Software offered, sold and distributed by Defendants. By their wrongful conduct, Defendants have traded upon and diminished Symantec's goodwill.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement)

19. Symantec repeats and realleges all of the allegations contained in paragraphs 1 through 18, inclusive, as though set forth herein in full.

20. As alleged herein, Defendants' activities infringe valid and effective copyrights registered by Symantec, and induce, cause, and materially contribute to infringement. Defendants' infringement was willful.

21. Symantec has suffered and continues to suffer direct and actual damages as a result of Defendants' infringing conduct. The full extent of such damages, including profits by Defendants, will be determined following the accounting by Defendants pursuant to 17 U.S.C. § 504. Prior to final judgment Symantec may elect to recover statutory damages of up to $150,000 for each of Symantec's Copyrights infringed, as an alternative to actual damages and profits.

22. Symantec has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts. Unless enjoined by the Court, Defendants' infringing activity will continue, with attendant irreparable harm to Symantec. Accordingly, Symantec seeks injunctive relief pursuant to 17 U.S.C § 502 and seizure of unauthorized copies of the Symantec Software, including the means of production as provided by 17 U.S.C. § 503.

23. By reason of the foregoing, Symantec has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims. Symantec is entitled to recover its fees and costs from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement)

24. Symantec repeats and realleges all of the allegations contained in paragraphs 1 through 18, inclusive, as though set forth herein in full.

25. Defendants' manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the unauthorized copies of the Symantec Software is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of the Unauthorized Software Product by Symantec. Such confusion, mistake and deception is aggravated by the use of

Symantec's Trademarks on the Unauthorized Software Product in the same type of goods made, imported and sold by or under authority of Symantec.

26.     Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Symantec enjoys in connection therewith, with intent to confuse, mislead and deceive the public into believing that the unauthorized copies of the Symantec Software was made, imported and sold by Symantec, or are in some other manner, approved or endorsed by Symantec.

27.     Symantec has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117. In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Symantec will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Unauthorized Software Product as alleged herein.  In the alternative, Symantec may elect to recover statutory damages pursuant to 15 U.S.C. § 1117 (c).

28.     Symantec has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts of infringement. Symantec is informed and believes, and upon that basis alleges, that, unless enjoined by the Court, the unlawful infringement will continue with irreparable harm and damage to Symantec. Accordingly, Symantec seeks and requests preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

29.     By reason of the foregoing, Symantec has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Symantec is entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117 (c).

### **PRAYER FOR RELIEF**

WHEREFORE, Symantec asks this Court to order:

A.      That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1) Directly or indirectly infringing Symantec's Intellectual Properties in any manner, including generally, but not limited to, reproduction, manufacture, importation,

distribution, advertising, selling and/or offering for sale any merchandise which infringes said Symantec's Intellectual Properties, and, specifically:

2) Reproducing, importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Software Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Symantec's Intellectual Properties;

3) Reproducing, importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Symantec's Intellectual Properties;

4) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Symantec, are sponsored, approved or licensed by Symantec, or are in some way affiliated with Symantec;

5) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Symantec;

6) Otherwise competing unfairly with Symantec in any manner;

7) Destroying or otherwise disposing of
   a. Merchandise falsely bearing Symantec's Intellectual Properties;
   b. Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Symantec's Intellectual Properties;
   c. Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Symantec's Intellectual Properties;
   d. Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Symantec's Intellectual Properties;

     e. Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of Unauthorized Software Product;

 B. That Symantec and its designees are authorized to seize the following items which are in Defendants' possession, custody or control:

1) All Unauthorized Software Product;

2) Any other unauthorized product which reproduces, copies, counterfeits, imitates or bear any of the Symantec's Intellectual Properties, or any part thereof;

3) Any molds, screens, patterns, plates, negatives, machinery or equipment, specifically including computers, servers, optical disc burners and other hardware used for making or manufacturing Unauthorized Software Product or unauthorized product which reproduces, copies, counterfeits, imitates or bears any of the Symantec's Intellectual Properties, or any part thereof.

 C. That those Defendants infringing upon Symantec's Intellectual Properties be required to pay actual damages increased to the maximum extent permitted by law and/or statutory damages at Symantec's election;

 D. That actual damages be trebled pursuant to 15 U.S.C. § 1117;

 E. That Defendants account for and pay over to Symantec all damages sustained by Symantec and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

 F. That Symantec recovers from Defendants its costs of this action and reasonable attorneys' fees; and

 G. That Symantec has all other and further relief as the Court may deem just and proper under the circumstances.

Dated: ____June 3____, 2008   J. Andrew Coombs, A Professional Corp.

            By: _____/s/ J. Andrew Coombs_____
              J. Andrew Coombs
              Annie S. Wang
          Attorneys for Plaintiff Symantec Corporation

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Symantec Corporation hereby demands a trial by jury of all issues so triable.

Dated: ___June 3_____, 2008         J. Andrew Coombs, A Professional Corp.

                                      By: ____/s/ J. Andrew Coombs_____
                                              J. Andrew Coombs
                                              Annie S. Wang
                                      Attorneys for Plaintiff Symantec Corporation

# EXHIBIT A

## Copyright Registrations

| Copyright Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| TX-4-715-125 | Ghost | Symantec Corporation |
| TX-4-715-126 | Ghost Explorer | Symantec Corporation |
| TX-4-715-127 | Ghost v. 4.0a | Symantec Corporation |
| TX-4-715-123 | Ghost 3.1a | Symantec Corporation |
| TX-4-715-124 | Ghost 5.0a | Symantec Corporation |
| TX-4-715-125 | Ghost 5.0e | Symantec Corporation |
| TX-6-361-699 | Ghost 9.0 | Symantec Corporation |
| TX-6-358-626 | Norton Ghost 10.0 | Symantec Corporation |
| TX-6-361-698 | Norton Ghost 2003 | Symantec Corporation |
| TX-4-739-697 | Norton AntiVirus v. 4.0 | Symantec Corporation |
| TX-4-832-174 | Norton AntiVirus v. 5.0 | Symantec Corporation |
| TX-4-908-397 | Norton AntiVirus v. 5.00.02 | Symantec Corporation |
| TX-5-704-654 | Norton AntiVirus | Symantec Corporation |
| TX-6-312-240 | Norton AntiVirus 2006 | Symantec Corporation |
| TX-3-343-741 | Symantec AntiVirus for Macintosh 3.0 | Symantec Corporation |
| TX-3-772-059 | Norton Utilities | Symantec Corporation |
| TX-4-396-091 | Norton Utilities for Windows 95 | Symantec Corporation |
| TX-4-421-276 | Norton utilities for Windows 95 v.2.0 | Symantec Corporation |
| TX-4-024-772 | Norton Utilities v. 7.0 | Symantec Corporation |
| TX-4-024-773 | Norton Utilities v. 8.0 | Symantec Corporation |
| TX-4-024-802 | Norton utilities Windows 95 | Symantec Corporation |
| TX-6-358-627 | pcAnywhere v.10.5 | Symantec Corporation |
| TX-6-358-628 | pcAnywhere v. 11.0 | Symantec Corporation |
| TX-4-977-907 | pcAnywhere ce | Symantec Corporation |
| TX-6-358-647 | pcAnywhere v. 12.0 | Symantec Corporation |
| TX-5-300-088 | pcAnywhere v. 9.0 | Symantec Corporation |
| TX-5-300-087 | pcAnywhere v. 9.2 | Symantec Corporation |
| TX-4-977-907 | pcAnywhere ce | Symantec Corporation |
| TX-5-382-105 | Goback v. 3.0 | Symantec Corporation |
| TX-5-382-108 | Goback RTL v. 222 | Symantec Corporation |
| TX-5-408-192 | Goback v. 3.04 | Symantec Corporation |
| TX-5-510-690 | Goback v. 3.03 | Symantec Corporation |
| TX-5-510-691 | Goback v. 3.0 | Symantec Corporation |
| TXu-1-060-557 | PartitionMagic 8.0 | Symantec Corporation |

# EXHIBIT B

# Trademark Registrations

| Trademark Registration No.: | Title of Work: | Rights Owner: |
|---|---|---|
| 1107115 | Ghost | Symantec Corporation |
| 2271088 | GoBack | Symantec Corporation |
| 2243057 | Live Update | Symantec Corporation |
| 1758084 | Norton AntiVirus | Symantec Corporation |
| 2488092 | Norton SystemWorks | Symantec Corporation |
| 1781148 | pcAnywhere | Symantec Corporation |
| 2205386 | Symantec | Symantec Corporation |
| 2540842 | Norton SystemWorks | Symantec Corporation |
| 1508960 | Norton Utilities | Symantec Corporation |
| 1981682 | PartitionMagic | Symantec Corporation |
| 1683688 | Symantec | Symantec Corporation |
| 1654777 | Symantec | Symantec Corporation |
| 3097024 | Symantec | Symantec Corporation |
| 3009890 | Symantec | Symantec Corporation |
| 3182978 | WinFax | Symantec Corporation |